# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

WILLIAM GAYE GRAHAM
and JACK R. GRAHAM,

          Plaintiffs,

v.                                 CIVIL ACTION NO. 5:06-cv-00243

A.T.S. SPECIALIZED, INC. and
WHEELABRATOR AIR POLLUTION
CONTROL, INC.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Dismiss Plaintiffs' Punitive Damages Claim [Docket 10] of Defendant A.T.S. Specialized, Inc. ("ATS"). For the reasons discussed below, ATS's motion to dismiss [Docket 10] is **DENIED**.

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court need only look at the complaint itself to determine whether the allegations, if proven, would entitle Plaintiffs to relief. Consequently, this Court will only dismiss Plaintiffs' claim for punitive damages if "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Byrd v. Gate Petroleum Co.*, 845 F.2d 86, 87 (4th Cir. 1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted)). Upon examination of Plaintiffs' complaint, this Court finds Plaintiffs have put forth sufficient allegations to survive a Rule 12(b)(6) motion and **DENIES** ATS's motion to dismiss [Docket 10].

The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley*, 355 U.S. at 47. Rather, the Rules merely require a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, "the presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint" do not support the legal conclusion. *Migdal v. Rowe Price-Fleming Int'l*, 248 F.3d 321, 326 (4th Cir. 2001) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001)). Simply a "bald statement" by the plaintiff that he or she has a valid claim will not suffice. *See Migdal*, 248 F.3d at 326 (citing 318 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)).[1]

In this case, Plaintiffs allege that ATS is liable for the negligence of its employee when it dispatched him to transport an oversized fabricated steel structure. Compl. ¶ XXI. Plaintiffs not only allege that ATS's employee "negligently and carelessly failed to maintain control of the . . . rig he was operating," but also allege that ATS "willfully and with reckless disregard for the safety of others" dispatched its employee to transport an oversized fabricated steel structure. *Id*. Moreover, Plaintiffs allege that the tractor-trailer "was not equipped with all appropriate safety equipment and without all safety precautions, including sufficient guide cars . . . and thereby creating an unreasonable and unnecessary risk of harm . . . ." *Id*.

Under West Virginia law, a plaintiff can recover punitive damages if he or she can show "gross fraud, malice oppression, willful, or reckless conduct or criminal indifference to civil

---

[1] The rationale behind this rule is to prevent claims with no underlying factual or legal basis from going forward and resulting in a substantial amount of discovery costs incurred by the defendant. *Migdal*, 248 F.3d at 326.

obligations affecting the rights of others . . . ." *Alkire v. First Nat'l Bank of Parsons*, 475 S.E.2d 122, 129 (W. Va. 1996) (quoting *Mayer v. Frobe*, 22 S.E. 58, syl. pt. 4 (W. Va. 1895)). In defining willful, wanton, and reckless conduct, the court has held that such conduct occurs when "the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to be aware of it, and so great as to make it highly probable that harm would follow." *Holsten v. Massey*, 490 S.E.2d 864, 877 (W. Va. 1997).

Plaintiffs allege that ATS provided its employee with a tractor-trailer that was "not equipped with all appropriate safety equipment and without all safety precautions . . . ." Compl. ¶ XXI. Additionally, Plaintiffs allege that Defendant Wheelabrator Air Pollution Control, Inc. ("Wheelabrator") supplied specifications, which stated that the fabricated steel structure was in excess of the standard width limits, incapable of staying within the bounds of a standard highway lane, and thus, required extraordinary safety precautions, equipment, and procedures be used by ATS. *Id.* ¶ XII.

Contrary to ATS's argument that Plaintiffs' complaint sets forth no information to outline a claim for punitive damages, Plaintiffs sufficiently allege that ATS intentionally transported Wheelabrator's fabricated steel structure without providing for appropriate safety equipment. The conscious decision not to provide safety precautions to a vehicle transporting an oversized load is a risk that would make it highly probable harm would occur. Therefore, if proven, these allegations would meet the definition of "willful, wanton, and reckless" behavior set out *Holsten* and may entitle Plaintiffs to punitive damages.

For the reasons stated herein, ATS's motion to dismiss [Docket 10] is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

        ENTER:       January 17, 2007

        _____
        THOMAS E. JOHNSTON
        UNITED STATES DISTRICT JUDGE