# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

WILLIAM GAYE GRAHAM
and JACK R. GRAHAM,

        Plaintiffs,

v.                                                    CIVIL ACTION NO. 5:06-cv-00243

A.T.S. SPECIALIZED, INC. and
WHEELABRATOR AIR POLLUTION
CONTROL, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are 1) Defendant Wheelabrator Air Pollution Control, Inc.'s ("Wheelabrator") Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted [Docket 19], and 2) Plaintiffs' Motion to File a Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss [Docket 26]. For the reasons discussed below, Wheelabrator's motion to dismiss [Docket 19] is **DENIED**. Plaintiffs' motion to file a supplemental memorandum [Docket 26] is **GRANTED**.

Wheelabrator's motion to dismiss for failure to state a claim incorporates an affidavit of Antonio J. DoVale, Jr. When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court need only look at the complaint itself to determine whether the allegations, if proven, would entitle Plaintiffs to relief.[1] Consequently, this Court will only dismiss Plaintiffs'

---

[1] In the alternative, the Court may consider matters outside the pleadings, but to do so converts the motion to one for summary judgment under Rule 56. FED. R. CIV. P. 12(b). However, as the parties
(continued...)

claim if "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Byrd v. Gate Petroleum Co.*, 845 F.2d 86, 87 (4th Cir. 1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted)).

The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley*, 355 U.S. at 47. Rather, the Rules merely require a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, "the presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint" do not support the legal conclusion. *Migdal v. Rowe Price-Fleming Int'l*, 248 F.3d 321, 326 (4th Cir. 2001) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001)). Simply a "bald statement" by the plaintiff that he or she has a valid claim will not suffice. *See Migdal*, 248 F.3d at 326 (citing 318 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)).[2]

In this case, Plaintiffs allege that Wheelabrator is vicariously liable for the negligence of Defendant A.T.S. Specialized, Inc. ("ATS"), and ATS's negligence was the proximate and actual cause of Plaintiffs' injuries. Compl. ¶¶ XVII, XXII - XXVII. Specifically, Plaintiffs allege that

---

[1](...continued)
have not had a full opportunity to conduct discovery, summary judgment would be premature at this time. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating the "general rule [is that] summary judgment is appropriate only after 'adequate time for discovery'"). Therefore, conversion to a summary judgment motion would be futile and the Court will not do so.

[2] The rationale behind this rule is to prevent claims with no underlying factual or legal basis from going forward and resulting in a substantial amount of discovery costs incurred by the defendant. *Migdal*, 248 F.3d at 326.

Wheelabrator was involved in an inherently dangerous activity,[3] which gives rise to non-delegable duties and would not relieve a principal from the negligence of an independent contractor. *See id.* ¶ XV.

Under West Virginia law, if a principal is involved in an inherently dangerous activity, then the principal will not be able to relieve itself from liability by delegating its duties to an independent contractor. *King v. Lens Creek Ltd. P'shp*, 483 S.E.2d 265, 271 (W. Va. 1996). The West Virginia Supreme Court of Appeals has distinguished the transportation of empty trucks with that of trucks hauling "freight." *Compare King*, 483 S.E.2d at 271; *Shaffer v. Acme Limestone Co.*, 524 S.E.2d 688, 699 (W. Va. 1999) (holding that the operation of an empty truck does not create the type of danger constituting an inherently dangerous activity), *with Griffith v. George Transfer & Rigging, Inc.,* 201 S.E.2d 281, 286 (W. Va. 1973) (holding that hauling "freight" upon public highways in high-powered tractor-trailers demonstrates a situation which involves an "unreasonable risk of harm to others" and therefore gives "rise to an exception to the general rule exonerating a person from the negligence of an independent contractor"). Because Plaintiffs have alleged that Wheelabrator contracted with ATS for the transportation of freight on a public road,[4] such an activity gives rise to non-delegable duties, and thus, if proven, Wheelabrator can be vicariously liable for the acts of its independent contractor.

---

[3] Plaintiffs' complaint alleges that defendants transported an oversized fabricated steel structure on public access highways, including through posted construction zones. Compl. ¶ XIV.

[4] "Defendant Wheelabrator Air Pollution Control, Inc. . . . made a deliberate business decision to contract with defendant, A.T.S Specialized, Inc., to transport the fabricated CS Drive Base . . . via public highways, and through the State of West Virginia. . . ." Compl. ¶ XI.

For the reasons stated herein, Wheelabrator's motion to dismiss [Docket 19] is **DENIED.** Plaintiffs' motion to file a supplemental memorandum [Docket 26] is **GRANTED**.  The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:       January 17, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE