IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

WILLIAM FAYE GRAHAM
and JACK R. GRAHAM,

                Plaintiffs,

v.                                  CIVIL ACTION NO. 5:06-cv-00243

A.T.S. SPECIALIZED, INC. and
WHEELABRATOR AIR POLLUTION
CONTROL, INC.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Motion for Leave to File Third-Party Complaint of Defendant Wheelabrator Air Pollution Control, Inc. (Wheelabrator) [Docket 38], and Wheelabrator's Motion for Leave to File a Response to Plaintiff's Opposition of Defendant's Proposed Third-Party Complaint [Docket 51]. Being unopposed, Wheelabrator's motion for leave to file a response to Plaintiffs' opposition [Docket 51] is **GRANTED**. For the reasons stated below, Wheelabrator's motion for leave to file its third-party complaint [Docket 38] is also **GRANTED**.

Wheelabrator requests leave to file a third-party complaint against Control Manufacturing Corporation (Control). In its proposed complaint, Wheelabrator alleges that Control agreed to indemnify Wheelabrator for any loss it incurred out of the performance of the "Purchase Order Terms and Conditions" contract attached to the complaint. (Docket 38-5, Ex. C.) Additionally, Wheelabrator claims that Control was negligent in the manufacture and shipment of the cargo that allegedly caused Plaintiffs' injuries.

Plaintiffs filed their Complaint [Docket 1] on April 3, 2006, and rather than filing an answer, Wheelabrator filed a timely Motion to Dismiss [Docket 19] pursuant to Fed. R. Civ. P. 12(b)(6) on June 1, 2006.[1] Then, prior to the Court ruling on the motion to dismiss, and in compliance with the October 13, 2006 deadline for third-party complaints set forth in the Scheduling Order [Docket 34],[2] Wheelabrator filed the pending motion for leave to file a third-party complaint. On January 17, 2007, the Court denied Wheelabrator's motion to dismiss. Thereafter, Wheelabrator filed its Answer [Docket 73].

Fed. R. Civ. P. 14(a) provides that a defendant-third-party-plaintiff may file a third-party complaint against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Further, "[t]he third-party plaintiff need not obtain leave to make the service if the third-party files the third-party complaint not later than 10 days after serving the original answer." Fed. R. Civ. P. 14(a). The unusual procedural posture of this case has caused the situation to stray from the typical impleader scenario, where the defendant-third-party-plaintiff answers a plaintiff's complaint, then either files a third-party complaint within ten days of its answer, or files a motion for leave to serve a third-party complaint after ten days of filing its answer. *See id.* Because Wheelabrator's motion to dismiss had

---

[1] On May 10, 2006, the Court granted Wheelabrator an extension to plead, move, or otherwise answer Plaintiffs' complaint until June 1, 2006.

[2] The Court's Scheduling Order [Docket 34] states that "[m]otions to join additional parties, motions to amend pleadings, and any crossclaim or counterclaim, as well as any similar motions, shall be fully effected by October 13, 2006." Plaintiffs construe this to mean that any motion must be fully briefed, ruled upon, and the action requested be completed. (Docket 41 at 5 n.2.) The Court rejects this interpretation. The Court used the phrase "fully effected" to mean that any motion brought under paragraph five must "come into being" by October 13, 2006, *i.e.,* must be filed with the Court. *See Merriam-Webster's Collegiate Dictionary* 367 (10th ed. 1998) (defining "effect" to mean "to cause to come into being").

not been ruled upon before the deadline for third-party complaints, in order to comply with the Court's scheduling order, Wheelabrator had to file a motion with the Court to reserve its right to file a complaint against Control if its motion to dismiss was not granted.  Thus, the Court must decide whether it will order Wheelabrator's third-party complaint to be filed even though, due to the pending motion to dismiss, Wheelabrator's motion to file the complaint was brought before it filed an answer.

Plaintiffs assert that from the language of Rule 14, "it is clear a third-party Complaint cannot be filed by a defending party until after that defendant has filed an 'original answer' to the Complaint."  (Docket 41 at 4.)  The Court, however, does not read the rule's language to require that an answer must be filed in order for a defendant to bring a motion requesting permission to file a third-party complaint once its pending motion to dismiss is ruled upon.  The only effect the filing of an answer has on the third-party complaint is whether or not leave is necessary.  For example, pursuant to Rule 14's language, so long as the third-party complaint is filed "not later than" ten days after the answer is served, leave is not required.  Fed. R. Civ. P. 14(a).  If, due to a pending motion to dismiss and the district court's scheduling order, a motion to file a third-party complaint is filed before the answer, then because this is "not later than 10 days after serving the original answer", leave of the court is not needed, and the district court may order the complaint filed should the motion to dismiss be denied.  *See id.*

Although there is non-binding case law that suggests leave of court is required in all situations except where a third-party complaint is filed within ten days of an answer,[3] it would not

---

[3] "Defendant need not obtain leave of court to serve and file a third-party complaint if it is filed within 10 days after defendant serves its original answer to the complaint in the main action."
(continued...)

make much sense to require a defendant to seek leave to file a third-party complaint while a motion to dismiss is pending, when, under Rule 14, the defendant could file a third-party complaint without leave within ten days of its answer – but for the district court's scheduling order. The problem in this case is that the scheduling order prevented Wheelabrator from filing the proposed third-party complaint after its answer. The purpose of the ten day limitation is to prevent delay in the litigation process, and to encourage the defendant "to implead the third-party as soon as possible after serving the answer." 6 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 1443 (2d ed. 2007). The rationale of requiring a defendant to implead as soon as possible is not undermined by granting Wheelabrator's pre-answer motion to file a third-party complaint because the motion complied with the scheduling order, put Plaintiffs on notice that the third-party complaint would be ordered filed depending on the outcome of the pending motion to dismiss, and was brought prior to it being due without leave under Rule 14.

Wheelabrator filed a motion for leave to file its third-party complaint against Control while its motion to dismiss was pending, and did so in order to comply with the Court's October 13 deadline. Through no fault of Wheelabrator, the deadline for third-party complaints was prior to ten days after it served its answer. Thus, it would have been impossible for Wheelabrator to comply with the Court's scheduling order had it waited for its motion to dismiss to be denied before it filed the third-party complaint, and had it not acted, Plaintiffs would have likely challenged the complaint as untimely pursuant to the scheduling order. Thus, although the motion was titled as a motion for

---

[3](...continued)
*McDougald v. O.A.R.S. Cos.*, 1:04-cv-6057, 2006 U.S. Dist. LEXIS 55785, at *5 (E.D. Cal. July 26, 2006) (quoting Schwarzer, et al., *Fed. Civ. P. Before Trial*, § 7:330). "In all other situations, leave of court to serve and file a third-party complaint must be sought by motion." *Id.* (citations omitted).

leave, leave to file the complaint was not necessary.[4] Moreover, even if leave was required, there has been no undue delay on Wheelabrator's part, and the filing of the complaint will not likely "introduce unrelated issues and unduly complicate" this action. *Id.*; *see also Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003) (citations omitted). For these reasons, although leave was not necessary, the Court will grant Wheelabrator's motion and order that the third-party complaint against Control be filed.

The Court notes that Plaintiffs also argue that Wheelabrator's motion should be denied pursuant to Fed. R. Civ. P. 37(c)(1) because the third-party complaint is predicated upon a written document that was not previously disclosed to Plaintiffs as a part of its Rule 26(a) disclosure obligations. Rule 37(c)(1) provides, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence . . . on a motion any . . . information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) . . . .

Whether Wheelabrator sufficiently complied with Rule 26(a) was addressed by the magistrate judge's order entered on December 1, 2006, where he granted Plaintiffs' motion to compel production of documents [Docket 50]. The sole issue currently before the Court is whether Wheelabrator may file its third-party complaint against Control. While Wheelabrator's third-party complaint may be based on the "Purchase Order Terms and Conditions" contract, Wheelabrator could have brought the complaint regardless of its reliance on the document. Further, the rule

---

[4] The Court is aware that, practically, Wheelabrator needed to file something to put the Court and Plaintiffs on notice that should its motion to dismiss be denied, then the third-party complaint would be filed in compliance with the scheduling order.

provides that other appropriate sanctions may be imposed "in lieu of" restricting the use of non-disclosed documents that accompany a motion, which is what the magistrate judge held when he ordered Plaintiffs to file an itemized statement of the costs and fees associated with the motion to compel. To file its third-party complaint, all that is necessary is for Wheelabrator to comply procedurally with Rule 14 and substantively with Rule 8. *See* Fed. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief, whether an original claim, . . . or third-party claim, . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). Because the third-party complaint satisfies both these requirements, it is ordered filed.

Therefore, being unopposed, Wheelabrator's Motion for Leave to File a Response to Plaintiff's Opposition of Defendant's Proposed Third-Party Complaint [Docket 51] is **GRANTED**, and based on the above, Wheelabrator's Motion for Leave to File Third-Party Complaint [Docket 38] is also **GRANTED**, and the proposed Third-Party Complaint attached to the motion and its exhibits [Docket 38-2, Ex. A-C] are **ORDERED FILED**. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

        ENTER:    May 2, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE